WESTERN CONSTRUCTION COMPANY *v.* EARLY.

[No. 11,808.   Filed February 1, 1924.   Rehearing denied May 14, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Extent of Impairment by Injury.—Proof Necessary.*—The members of the Industrial Board are not presumed to have the requisite knowledge and skill to enable them to determine, without assistance, the degree of impairment that will result from any specific physical injury or combination of physical injuries, and the degree of impairment and resulting diminution of earning power must be proved as an ultimate fact. p. 492.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal From Award.—When Binding on Appellate Court.*—An award of the Industrial Board within the limitations of the subdivisions of the statute applicable to the injury is binding on the Appellate Court, and will not be disturbed on appeal therefrom.   p. 493.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.— "Hand" Defined.*—For the purpose of fixing compensation in certain cases, the Workmen's Compensation Act (§8020o1 Burns' Supp. 1921, clauses [a], [b] and [c] Acts 1915 p. 392, §31, as amended Acts 1919 p. 158), treats all the parts of the arm below the elbow joint as an entirety under the name "hand."   p. 493.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injuries to Hand.—Extent of Impairment.*—Since the statute (§8020o1 Burns' Supp. 1921, clauses [a], [b] and [c], Acts 1915 p. 392, §31, as amended Acts 1919 p. 158, §3), for the purpose of fixing compensation in certain cases, treats "the hand" as including all parts of the arm below the elbow, where an employee's claim for compensation for injuries to the hand comes before the board, it becomes its duty to determine the extent of the impairment of the function of the entire forearm, and evidence relating thereto is proper.   p. 493.

From Industrial Board of Indiana.

Proceeding under Workmen's Compensation Act by Manuel Early, claimant, against the Western Construction Company, employer. From an award for claimant, the employer appeals. *Affirmed.*

*James E. Rocap* and *John J. McShane,* for appellant. *Edmund L. Craig,* for appellee.

DAUSMAN, P. J.—The Industrial Board found that the employee sustained an injury which "has resulted in the permanent loss of 98 per cent. of the use of his right arm below the elbow"; and, on that finding, awarded him compensation for 196 weeks.

The undisputed evidence shows that the employee, Mr. Early, sustained the following injuries to his right hand: the entire first finger has been removed; two joints of the second finger have been removed; the third finger is permanently stiff in all its joints; the little finger is in the same condition as the second.   All the finger joints which remain on the right hand, including the joints connecting the fingers to the metacarpus, are ankylosed.   The thumb is normal.   The wrist joint is normal.

(The evidence as to the condition of the various joints is somewhat obscure, owing to the fact that the surgeon testified with reference to the injured hand which he exhibited to the board; but the foregoing statement is substantially correct.)

The appellant contends: (1) That there is no evidence to support the finding that the workman has sustained a permanent loss of ninety-eight per cent. of the use of his right arm below the elbow; and (2), assuming that the first contention is impregnable, then it necessarily follows that the award should have been made pursuant to subdivisions (a) and (b) of §31 of the compensation act, and not under subdivisions (a) and (c).

It is true that the members of the board were bound to know, from the evidence, the nature and extent of the physical injuries sustained by Mr. Early. But

1. if they had nothing more before them than a bare statement of the physical injuries, would they be bound to know the degree of the resulting permanent partial impairment? The law does not require that members of the board shall possess any special qualifications. There is no presumption that they have the requisite knowledge and skill to enable them to determine, without assistance, the degree of permanent partial impairment that will result from a given physical injury or any given combination of physical injuries. There must be evidence on that feature (*Studebaker Corporation* v. *Warner* [1921], 76 Ind. App. 515, 132 N. E. 604) ; and the degree of permanent partial impairment and resulting diminution of earning power must be proved as an ultimate fact. *Centlivre Beverage Co.* v. *Ross* (1919), 71 Ind. App. 343, 125 N. E. 220. The necessary evidence was adduced. Dr. McCool, the surgeon who took care of the hand since the injury, testified that Mr. Early has sustained a permanent impairment "from the elbow down," to the extent of ninety-eight per cent. He repeated that testimony on cross-examination, and gave the reasons for his conclusion. The appellant made no attempt to dispute Dr. McCool's testimony. In view of that evidence, we are

forced to infer that what counsel really mean to say is that the board should have ignored the doctor's testimony concerning the extent of permanent partial impairment, and should have proceeded to ascertain the total compensation period by adding the several periods fixed for the respective injuries by subdivisions (a) and (b). They assume that the statute imperatively requires that the compensation to be awarded in this case shall be ascertained on that theory. That assumption is erroneous. *Kenwood Bridge Co.* v. *Stanley* (1917), 66 Ind. App. 563, 117 N. E. 657.

There is nothing in the record expressly indicating what particular provision of the statute the board followed in making the award. That feature is determinable by inference only; and the legitimate inference is that the award was made pursuant to subdivisions (a) and (c). Since the award is within the limitation prescribed by those subdivisions, we know of nothing that would justify this court in disturbing it.

2.

The confusion seems to be due to the unusual sense in which the word "hand" is used in the statute. Anatomically, the hand is that part of the limb below the wrist joint, the bones of which are the carpus, the metacarpus, and the phalanges; and the forearm is that part of the limb between the wrist joint and the elbow joint, the bones of which are the ulna and the radius. Cent. Dic. But, for the purpose of fixing compensation in certain cases, the statute treats all the parts below the elbow joint as an entirety, under the name "hand." Therefore, it was the duty of the board to determine the extent of "the permanent partial loss of the use of" the *hand*; and the board's conclusion in that respect is properly stated in its finding.