BILLY HAROLD THOMPSON, EMPLOYEE v. FRANK IX & SONS, EMPLOYER, LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 7622IC877

(Filed 1 June 1977)

1. Master and Servant § 73— workmen's compensation — meaning of "hand"

    As used in G.S. 97-31(12), "hand" refers to the fingers and thumb, the hand proper, and the wrist.

2. Master and Servant § 74— workmen's compensation — permanent partial disability — award for disfigurement

    An employee who had received compensation for the permanent partial disability of his left hand was entitled to additional compensation for serious disfigurement because of surgical scars on his left forearm above the wrist. G.S. 97-31.

    Judge HEDRICK dissenting.

APPEAL by defendants from Industrial Commission. Order filed by the full Commission 1 September 1976. Heard in the Court of Appeals 14 April 1977.

On 17 December 1974, plaintiff sustained an injury which arose out of and in the course of his employment by defendant Frank Ix & Sons. The injury resulted in the fracture of both bones in plaintiff's left forearm and required surgery to reduce the breakage. The surgery left two scars on plaintiff's arm. Dr. Gregory Holthusen, an orthopedic surgeon, reported that he rated plaintiff's disability "at the wrist at 25%." Thereafter, defendants agreed to pay plaintiff permanent partial disability based upon "25% loss of use of left hand."

Plaintiff subsequently filed a claim before the Commission for additional compensation for disfigurement resulting from the surgical scars. A hearing was held on 13 May 1976 before Deputy Commissioner Christine Denson, and the following order was filed.

"The undersigned finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing as

STIPULATIONS

1. At the time of the injury by accident, the parties were subject to and bound by the provisions of the Workmen's Compensation Act.

2. The employer-employee relationship existed between plaintiff and defendant-employer at such time.

3. Liberty Mutual Insurance Company was the carrier on the risk.

4. Plaintiff's average weekly wage was $201.76.

5. On December 17, 1975, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.

6. Plaintiff was paid temporary total disability at the rate of $80.00 per week for the period from December 18, 1974, to October 1, 1975, and temporary partial disability during various dates.

The issue is what amount plaintiff is entitled to for disfigurement, if any.

\* \* \* \*

Based upon all the competent evidence the undersigned makes the following

FINDINGS OF FACT

1. Plaintiff is a 44-year-old white male who is married and has two years of college education. His job is a 'fixer' in the textile industry. As a result of the injury in question and the injury made necessary to treat the fractures resulting from the injury, the plaintiff has sustained serious bodily disfigurement in scarring described as follows:

This is on the forearm of the left arm. Of both scars, I will describe first on the inside of the forearm. That is on the side toward the thumb. There is a long surgical scar with stitchmarks from it. That runs from a little above the wrist between 7 and 8 inches long. It is a linear scar, indented, lighter, with slightly pinkish cast than the rest of the skin. This scar, as I say, has stitch marks which are themselves about an inch long running out from either side of that scar. Then about the middle of that linear scar and at the end of the stitch marks further toward the inside of the arm is an irregularly-shaped scar which is more indented than the linear scar just described with an overall circumference of about an inch and this has some pink blotchy areas around this.

On the arm is another substantial linear scar which again starts above the wrist. At the point where it starts there is a linear scar running from the wrist toward the inside of the arm which is about an inch and a quarter longer overall, indented, and lighter than the rest of the skin. There is pink discoloration around it. The long linear scar runs from that 6 and a half inches and is slightly indented, white in coloration with pinkish discoloration around that linear scar on both sides. In the middle of that scar too is an irregularly-shaped scar which is slightly indented, whitish in coloration, and the overall width on that is about an inch and a quarter.

3. Plaintiff has been paid compensation for 25 percent loss of the use of his left hand. This was based on a rating from his treating physician, Dr. Holthusen, who, in rating plaintiff's permanent disability, said: 'In view of the scarring to his forearm and the limitation and supination I would rate the disability of the wrist at 25 percent.' Based on this rating—the Commission considering the wrist to be the hand—the plaintiff was paid permanent disability.

The disfigurement in question is to the plaintiff's arm which is a different 'member' of the body under the provisions of G.S. 97-31.

4. As a result of the injury in question, the plaintiff has suffered bodily disfigurement as hereinabove described

which is permanent and serious and is such as would tend to hamper plaintiff in his earnings and in seeking employment.

5. Proper and equitable compensation for said disfigurement is $750.00.

\*     \*     \*     \*

The foregoing findings of fact and conclusions of law engender the following additional

### CONCLUSIONS OF LAW

The bodily disfigurement sustained by the plaintiff constitutes serious disfigurement within the meaning of the Workmen's Compensation Act which has not otherwise been compensated, and for which proper and equitable compensation is $750.00.

\*     \*     \*     \*

Based upon the foregoing findings of fact and conclusions of law the undersigned makes the following

### AWARD

1. The defendants shall pay to the plaintiff the sum of $750.00 in a lump sum to cover the serious bodily disfigurement giving rise hereto.

2. Defendants shall pay the costs."

Defendants applied for a review of the award and the full Commission, by an opinion filed 1 September 1976, affirmed and adopted the opinion and award of the deputy commissioner. Defendants appeal from this award.

*Morgan, Byerly, Post, Herring & Keziah, by J. V. Morgan, for plaintiff appellee.*

*Walser, Brinkley, Walser & McGirt, by Walter F. Brinkley, for defendant appellants.*

MORRIS, Judge.

The sole issue for consideration on this appeal is whether plaintiff is entitled to be paid compensation for disfigurement after having previously received compensation for the permanent partial disability of his hand.

The rate of compensation payable to employees under the North Carolina Workmen's Compensation Act is set forth in G.S. 97-31, which provides in pertinent part:

> "In cases included by the following schedule *the compensation in each case shall be paid* for disability during the healing period and in addition the disability shall be deemed to continue for the period specified, *and shall be in lieu of all other compensation, including disfigurement,* to wit:
>
> . . .
>
> (12) For the loss of a hand, sixty-six and two-thirds percent (66⅔%) of the average weekly wages during 200 weeks.
>
> (13) For the loss of an arm, sixty-six and two-thirds percent (66⅔%) of the average weekly wages during 240 weeks.
>
> . . .
>
> (22) *In case of serious bodily disfigurement for which no compensation is payable under any other subdivision of this section, but excluding the disfigurement resulting from permanent loss or permanent partial loss of use of any member of the body for which compensation is fixed in the schedule* contained in this section, *the Industrial Commission may award proper and equitable compensation* not to exceed seven thousand five hundred dollars ($7,500)." (Emphasis supplied.)

Thus, G.S. 97-31(22) entitles an employee to compensation for certain disfigurements. However, the first sentence of the statute provides that when disability is paid according to the schedule, such compensation is "in lieu of all other compensation, including disfigurement."

Plaintiff received permanent partial disability based on "25% loss of use of left hand." According to the terms of G.S. 97-31, this precludes him from receiving additional compensation for disfigurement *to the hand*. The question, therefore, is whether the scars on plaintiff's forearm constitute disfigurement to the hand. Of course, in construing the statute, we are guided by the principle that words are to be given their common and ordinary meaning unless they have a technical significance or another meaning is apparent from their context. *Power*

*Co. v. Clayton,* 274 N.C. 505, 164 S.E. 2d 289 (1968); *In re Watson,* 273 N.C. 629, 161 S.E. 2d 1 (1968).

[1]   Some courts have defined "hand" for purposes of workmen's compensation to mean all portions of the arm below the elbow joint. *Western Construction Co. v. Early,* 81 Ind. App. 490, 142 N.E. 396 (1924); *Gondak v. Wilson Gas Coal Co.,* 148 Pa. Super. 566; 25 A. 2d 854 (1942); *National Surety Corp. v. Winder,* 333 S.W. 2d 450 (Tex. Civ. App. 1960). Other jurisdictions hold that the hand includes the phalanges, or fingers and thumb, the metacarpus, or hand proper and the carpus, or wrist. *Finoia v. Winchester Repeating Arms Co.,* 130 Conn. 381, 34 A. 2d 636 (1943); *Pittsburgh Plate Glass Co. v. Williams,* 406 P. 2d 994 (Okla. 1965). We believe that the latter definition better conforms both to the natural and ordinary meaning of the term as well as to common sense. Accordingly, we hold that "hand," as used in G.S. 97-31(12), refers to the fingers and thumb, the hand proper, and the wrist.

[2]   The findings of fact describe both scars on plaintiff's left forearm as beginning "above the wrist." Likewise, defendants state in their application for review that the hearing commissioner should have found that "the scarring extends down the arm on both sides to a point *slightly above the wrist.*" (Emphasis supplied.) Thus, there is no evidence which indicates that the scars extended to plaintiff's wrist. Consequently, they cannot be considered to have been incorporated into settlement paying plaintiff 25% permanent partial disability of his hand.

It should be emphasized that we do not, by our decision, authorize double recovery for a single injury compensated pursuant to G.S. 97-31. The evidence in this case tended to indicate that plaintiff's injury resulted in disability to his hand as well as his arm. Since the settlement related only to partial loss of use of plaintiff's hand, he was properly entitled to additional compensation for the disfigurement of his arm.

The order and award of the full Commission is

Affirmed.

Judge ARNOLD concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting.

In my opinion the forearm is part of the "hand" as the latter term is used in the North Carolina Workmen's Compensation Act and the rules promulgated by the Industrial Commission to carry out the provisions of the act. Thus the agreement entered into between the parties providing for the payment of compensation for permanent partial disability to the hand considered in light of G.S. 97-31(22) precludes an additional award for serious bodily disfigurement because of scarring to the forearm. I vote to reverse the order of the Commission.