BILLY HAROLD THOMPSON, EMPLOYEE v. FRANK IX & SONS EMPLOYER, LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 46

(Filed 7 February 1978)

**Master and Servant § 74— workmen's compensation— permanent partial disability of hand— award for disfigurement of forearm**

> An employee who had received compensation for the permanent partial disability of his left hand was entitled to additional compensation for disfigurement because of surgical scars on his left forearm above the wrist. G.S. 97-31.

APPEAL by defendants (employer and insurance carrier) from the decision of the Court of Appeals affirming the award of compensation for disfigurement made to plaintiff (employee) by the North Carolina Industrial Commission. The opinion, written by *Morris, J.*, with *Arnold, J.*, concurring, and *Hedrick, J.*, dissenting, is reported in 33 N.C. App. 350, 235 S.E. 2d 250 (1977).

*Morgan, Byerly, Post, Herring & Keziah for plaintiff appellee.*

*Brinkley, Walser, McGirt & Miller for defendant appellants.*

*PER CURIAM.* This appeal comes to us under N.C. Gen. Stats. § 7A-30(2) (1969) because of the dissent of Judge Hedrick.

In their brief filed in this Court defendants succinctly state the question for review as follows:

"Where an employee suffers a fracture of his wrist and as a result of the surgical reduction of the fracture he sustains scars of the forearm, is he entitled to be paid compensation for permanent partial disability and in addition for disfigurement under G.S. 97-31?"

The facts in this case are fully set out and discussed in the opinion of the Court of Appeals. The following brief summary will suffice for the purpose of this appeal:

Plaintiff was injured in an accident arising out of and in the course of his employment by defendant Frank Ix & Sons. After maximum healing had occurred plaintiff was left with permanent disfiguring scars on his left arm and a permanent partial limitation of motion in his wrist. Thereafter the parties stipulated that

plaintiff had suffered a "25% loss of use of left hand" and that he should be paid $80.00 a week for 50 weeks for this disability. The North Carolina Industrial Commission approved their agreement on 22 January 1976.

Subsequently plaintiff filed with the Commission a claim for compensation for the disfiguring surgical scars on his forearm. Defendants resisted payment on the ground that the arm and hand together constitute one member of the body. They contend that plaintiff, having received compensation for permanent partial loss of use of the hand, is precluded by § 97-31(22) of the North Carolina Workmen's Compensation Act (N.C. Gen. Stats., ch. 97 (1972)) from recovering compensation for disfigurement of the arm. Deputy Commissioner Denson, who heard the claim, concluded that the "arm is a different 'member' of the body under the provisions of G.S. 97-31" and awarded plaintiff $750.00 for disfigurement. The full Commission affirmed and adopted this award as its own. Defendants appealed and the Court of Appeals affirmed the Commission.

In a well reasoned opinion by Judge Morris, the Court of Appeals held that the scars on plaintiff's forearm did not constitute disfigurement to the hand; that the parties' settlement of 22 January 1976 related only to the partial loss of use of plaintiff's hand; and that he was, therefore, entitled to additional compensation for the disfigurement of his arm.

For the reasons set out in Judge Morris' opinion we hold that the Court of Appeals has correctly applied the law to the facts of this case. We therefore affirm the decision of the Court of Appeals.

Affirmed.