RICKEY LILES, EMPLOYEE-PLAINTIFF v. CHARLES LEE BYRD LOGGING COM-
PANY, EMPLOYER, SELF-INSURER (HEWITT, COLEMAN & ASSOCIATES,
SERVICING AGENT), DEFENDANTS

No. 8110IC1422

(Filed 2 November 1982)

**Master and Servant § 74— compensability of disfiguring knee injury**

The Industrial Commission erred in awarding plaintiff compensation for
permanent scars on plaintiff's leg. The injury was found compensable under
the "serious bodily disfigurement" section of the act, G.S. 97-31(22), and in-
juries are compensable under that statute only when the injury is of such a
nature that it may be fairly presumed that it causes to the injured employee a
diminution in his future earning capacity. In this case, the evidence did not
support a finding that the scars on the plaintiff's knee decreased his opportuni-
ty for employment or his future earning capacity.

APPEAL by defendants from order of North Carolina In-
dustrial Commission entered 17 September 1981. Heard in the
Court of Appeals 14 October 1982.

The defendants appeal from an opinion and award of the In-
dustrial Commission awarding compensation to the plaintiff for
scars around his knee. The evidence showed that the plaintiff was
injured by an accident arising out of and in the course of his
employment for the defendant logging company. He was out of
work and received compensation for temporary total disability for
one and six-sevenths weeks. The plaintiff returned to his job as a
logger, performing the same duties and receiving the same wages
as he had received before the accident. The plaintiff has an
eleventh grade education with no special training for any type
employment. In addition to his job as a logger, he has worked as a
farmer, an electrician, a painter, and assembly line worker. He
was twenty-five years old at the time of the hearing. The
evidence also showed the accident had caused two permanent
scars on the plaintiff's knee. The evidence showed the scars were
unsightly but did not reduce the plaintiff's capacity to work. The

Hearing Commissioner found facts based on the evidence and awarded plaintiff $575.00 for permanent bodily disfigurement.

The defendants appealed to the Full Commission which affirmed the award of the Hearing Commissioner. The defendants appeal.

*Narron, O'Hale, Whittington & Woodruff, by James W. Narron; and Robert L. Anderson, for plaintiff-appellee.*

*Hedrick, Feerick, Eatmon, Gardner & Kincheloe, by Scott M. Stevenson, for defendant-appellants.*

HILL, Judge.

This appeal involves the question of whether permanent scars on the plaintiff's leg constitute "serious bodily disfigurement" which is compensable under G.S. 97-31(22) which provides in part:

> "(22) In case of serious bodily disfigurement for which no compensation is payable under any other subdivision of this section, but excluding the disfigurement resulting from permanent loss or permanent partial loss of use of any member of the body for which compensation is fixed in the schedule contained in this section, the Industrial Commission may award proper and equitable compensation not to exceed ten thousand dollars ($10,000)."

In interpreting this section of the statute, our courts have been guided by the principle that the Workers' Compensation Act deals with compensation for reduced capacity for work. A bodily disfigurement, other than facial or head disfigurements which are governed by G.S. 97-31(21), is serious and compensable under G.S. 97-31(22) only when it is of such a nature that it may be fairly presumed that it causes to the injured employee a diminution of his future earning capacity. *See Wilhite v. Veneer Co.,* 303 N.C. 281, 278 S.E. 2d 234 (1981) and *Branham v. Panel Co.,* 223 N.C. 233, 25 S.E. 2d 865 (1943). In the instant case, we do not believe the evidence supports a finding that the scars on the plaintiff's knee decreased his opportunities for employment or his future earning capacity. He returned to the same job he had before the accident at the same wages. We do not believe there has been

any showing that the scars would handicap the plaintiff in obtaining or performing any job for which he is otherwise qualified. *See Stanley v. Hyman-Michaels Co.*, 222 N.C. 257, 22 S.E. 2d 570 (1942).

The plaintiff relies on *Thompson v. Ix and Sons*, 33 N.C. App. 350, 235 S.E. 2d 250 (1977), *aff'd per curiam*, 294 N.C. 358, 240 S.E. 2d 783 (1978) and *Cates v. Hunt Construction Co.*, 267 N.C. 560, 148 S.E. 2d 604 (1966). We do not believe either of these cases is helpful to the plaintiff. In *Thompson* the issue was whether compensation to the plaintiff for permanent partial disability to his hand precluded recovery for disfigurement to his forearm. It was held that it did not. The Court did not address the issue of whether disfigurement of the forearm diminished the future earning capacity of the plaintiff. In *Cates* it was held that a scar on the plaintiff's abdomen could hurt his future earning capacity since it resulted from the removal of a kidney which diminished the plaintiff's capacity for work. The Court said that the presence of the scar could call attention to the fact his kidney had been removed and this could make it more difficult for him to obtain employment. In the instant case, the scars around the plaintiff's knee are not accompanied by any other disability to work.

We hold that the scars around the plaintiff's knee are not a serious bodily disfigurement within the meaning of G.S. 97-31(22).

Reversed.

Judges ARNOLD and WELLS concur.