The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick and the briefs and oral arguments before the Full Commission. Both parties have shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission modifies and affirms the Deputy Commissioners award of benefits and enters the following Opinion and Award.
 ***********
The parties Agreement for Compensation for Disability and Supplemental Memorandum of Agreement as to Payment of Compensation, having been approved by the Industrial Commission, constitute Awards and are hereby incorporated by reference. In addition, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, at the hearing before the Deputy Commissioner and by post-hearing agreement as:
 STIPULATIONS
1. A set of photographs depicting plaintiffs right arm, marked as Stipulated Exhibit Number One, is admitted into evidence.
2. A set of plaintiffs medical records, marked as Stipulated Exhibit Number Two, is admitted into evidence.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff was born on April 12, 1967. At the time of the hearing before the Deputy Commissioner, plaintiff was employed by defendant earning wages equal to or greater than the wages she earned prior to her injury.
2. Plaintiff sustained a severe injury of her right arm on December 21, 1991 when her right shirt sleeve became caught in a roller and caused her arm to be pulled into a machine.
3. Plaintiff underwent numerous surgical procedures for treatment of her right arm injury. One of these procedures included a skin graft to her right arm using skin harvested from plaintiffs upper left thigh. The scar caused by the removal of skin from plaintiffs left thigh is permanent and repulsive. The scar is visible and prone to discoloration and irritation. The scar constitutes serious bodily disfigurement. Based on plaintiffs age, training, experience, education, occupation, and adaptability to employment, the scar is repulsive to others and it can reasonably be presumed that the scar will decrease her wage-earning capacity. Most of the workers at defendants plant wear shorts to work during the summer. Plaintiffs scar on her thigh is clearly visible to others when she wears shorts.
4. Compensation is payable for the permanent disfigurement of plaintiffs leg under N.C. Gen. Stat. 97-31(22). For the disfigurement of her left thigh, plaintiff is entitled to compensation in the amount of $2,500.00.
5. On February 21, 1997, plaintiff underwent surgery by Dr. Joseph E. Fewell for scar revision and excision of scar tissue from plaintiffs right arm. Dr. Fewell excised scar tissue measuring twenty-five centimeters in length and two centimeters in width. This surgery effected a cure, provided relief and improved the physical function of her skin and appearance of her right arm.
6. Plaintiffs December 21, 1991 right arm injury reached maximum medical improvement on June 26, 1997. The injury and subsequent medical treatment caused functional impairments of the skin on plaintiffs arm. Her skin is hypersensitive to temperature changes and abrasion. It is more easily sunburned, lacerated, punctured and abraded. It is also more prone to cracking and scaling.
7. On November 7, 1994, plaintiff underwent an independent medical evaluation by Dr. Andrea Stutesman to determine the percentage of permanent impairment her right arm sustained as a result of her injury. Dr. Stutesman is an expert in the field of permanent impairment evaluation.
8. Dr. Stutesman determined that plaintiff sustained a 37 percent impairment of her right arm.
9. Drs. Fewell and Minkin also evaluated the permanent impairment of plaintiffs right arm. Dr. Minkin determined that plaintiff sustained a ten percent permanent impairment of her right arm as a result of her injury. However, Dr. Minkin did not assess plaintiffs loss of grip strength and his evaluation of her ranges of motion lacked the thoroughness of the evaluation performed by Dr. Stutesman. Due to the limited nature of Dr. Minkins evaluation, the Full Commission gives greater weight to the testimony of Drs. Stutesman and Fewell regarding the extent of impairment plaintiff sustained.
10. Dr. Fewell testified that due to the permanent injury of plaintiffs skin on her right arm, she sustained a 20 percent permanent impairment of her right arm.
11. Giving the ratings by Drs. Stutesman and Fewell greater weight than the rating of Dr. Minkin, the Full Commission finds that plaintiff sustained a 25 percent permanent impairment of her right arm as a result of her injury on December 21, 1991. Neither Dr. Stutesman nor Dr. Fewell considered disfigurement of the right arm in arriving at their impairment ratings. They considered only functional injury to the arm and skin.
12. Plaintiffs average weekly wage at the time of injury was $397.68, yielding a compensation rate of $265.13 per week.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The only compensation plaintiff is entitled to receive for the permanent injury of her right arm is compensation for permanent impairment pursuant to N.C. Gen. Stat. 97-31(13). She is NOT entitled to both compensation for permanent impairment to her right arm and compensation for any disfigurement of the right arm.Thomas v. Frank IX Sons, 33 N.C. App. 350, 235 S.E.2d 250
(1997), affirmed 294 N.C. 358, 240 S.E.2d 783 (1978).
2. For the permanent impairment to her right arm, plaintiff is entitled to payment of permanent partial disability compensation at the rate of $265.13 per week for 60 weeks beginning June 26, 1997. N.C. Gen. Stat. 97-31(13).
3. Plaintiff is entitled to compensation in the amount of $2,500.00 for the serious disfigurement of her left thigh. N.C. Gen. Stat.97-31(22).
4. Plaintiff is entitled to payment of all medical expenses incurred, or to be incurred, as a result of her December 21, 1991 injury for so long as such treatments, examinations or evaluations tend to effect a cure or provide relief. N.C. Gen. Stat. 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendant shall pay plaintiff permanent partial disability compensation at the rate of $265.13 per week for 60 weeks beginning June 26, 1997. This amount having accrued, defendant shall pay it to plaintiff in a lump sum, subject to the attorneys fee approved in paragraph 4.
2. Defendant shall pay plaintiff $2,500.00 for the serious disfigurement of her left thigh. This amount shall be paid directly to plaintiff in a lump sum, subject to the attorneys fee approved in paragraph 4.
3. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of her December 21, 1991 injury for so long as such treatments, examinations or evaluations tend to effect a cure or provide relief.
4. A reasonable attorneys fee of twenty-five percent of the compensation due plaintiff is approved for plaintiffs counsel and shall be paid as follows: defendant shall deduct 25 percent of the lump sum due plaintiff in paragraphs 1 and 2 and shall pay that amount directly to plaintiffs attorney.
5. Defendant shall pay the costs, including expert witness fees of $200.00 to Drs. Stutesman and Fewell.
This 30th day of August 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER