ERWIN WEIDLE PLAINTIFF-EMPLOYEE v. CLOVERDALE FORD, DEFENDANT-EMPLOYER, AND INTERNATIONAL INSURANCE COMPANY, DEFENDANT-CARRIER

No. 8010IC581

(Filed 3 February 1981)

Master and Servant § 74— workers' compensation — serious bodily disfigurement — insufficient evidence

There was no evidence in the record to support a finding by the Industrial Commission that an injury to plaintiff's finger resulted in "serious bodily disfigurement."

APPEAL by defendants from Opinion and Award of the North Carolina Industrial Commission, by Commissioner Coy M. Vance, filed 11 April 1980. Heard in the Court of Appeals 9 January 1981.

Defendant-employer and defendant-carrier appeal from an award to plaintiff for "serious bodily disfigurement" resulting from a cut finger sustained by accident arising out of and in the course of plaintiff's employment with the defendant-employer.

The record contains an Opinion and Award by Deputy Commissioner W. C. Delbridge in which the Commissioner made the following Finding of Fact:

As a result of the injury in question, plaintiff has disfigurement which was viewed by the undersigned and is described as follows:

"Let the record show that the undersigned observed the right middle finger of the plaintiff on the right hand and noted that the nail and just beneath the nail there is evidence of a scar apparently where it was injured and that the fingernail itself is disfig-

ured in that it is marked to the extent that it has a roughish appearance and then there is deformity of the nail."

The Commissioner further found that as a result of the injury plaintiff "has suffered bodily disfigurement . . . which is permanent and serious and is such as would tend to hamper plaintiff in his earnings in seeking employment" and "that proper and equitable compensation for said disfigurement is $100.00." He thereupon awarded plaintiff the sum of $100.00. The Full Commission changed the amount of the Award form $100.00 to $200.00 and otherwise adopted and affirmed the Opinion and Award of the Commissioner.

The only evidence contained in the record on appeal is the following summary of testimony of the plaintiff:

My [name] is Erwin Weidl (sic); I am 42 years old and a body repairman for Cloverdale Ford. On August 12, 1978 I was cutting out on a car, slipped on some metal and sliced open my right middle finger behind my fingernail. Since I returned to work in September 1978 I have continued to work in the same position with Cloverdale Ford. The injury causes me no discomfort. I have the same duties that I had before the accident, perform the same tasks and do nothing different in my work than I did before. I do not suffer any embarrassment on the job as a result of my finger.

*No brief filed for plaintiff-appellee.*

*Hudson, Petree, Stockton, Stockton and Robinson, by Grover G. Wilson, for defendant-employer and defendant-carrier, appellants.*

WHICHARD, Judge.

In *Lawrence v. Mill*, 265 N.C. 329, 330-331, 144 S.E.2d 3, 4 (1965), the North Carolina Supreme Court, per Justice Higgins, stated:

In compensation cases the Commission finds the facts. If the findings have evidentiary support in the record, they are conclusive. However, the question whether the evidence is sufficient to support the findings is one of law to be determined by the courts.

We thus review the evidence here solely to determine its sufficiency to support the findings on which plaintiff's award is based.

The totality of the evidence in this record is the testimony of plaintiff quoted in full above. That testimony, and thus the record in its entirety, is devoid of evidence to support the findings of the Commissioner which were adopted by the Full Commission. The finding based on the Commissioner's personal observation, standing alone, is inadequate; for it affords the appellate court no basis for review.

"The Legislature has provided that the [Workers'] Compensation act shall be liberally construed but it does not permit either the Commission or the courts to hurry evidence beyond the speed which its own force generates." *Lawrence*, 265 N.C. at 331, 144 S.E.2d at 4-5. There being no evidence in the record to support the finding that the injury to plaintiff's finger resulted in "serious bodily disfigurement" within the meaning of G.S. 97-31(22), the decision of the North Carolina Industrial Commission is

Reversed.

Judges WEBB and MARTIN (Harry C.) concur.