MARY M. WILHITE, WIDOW OF EARNEST WILHITE, DECEASED, PLAINTIFF v. LIBERTY VENEER COMPANY, DEFENDANT-EMPLOYER AND LUMBERMENS MUTUAL CASUALTY COMPANY, DEFENDANT-INSURANCE CARRIER

No. 53

(Filed 2 June 1981)

1. **Master and Servant § 74— workers' compensation—disfigurement—postmortem award to dependents**

When an employee suffers serious bodily disfigurement due to an accident covered by the Workers' Compensation Act and dies from unrelated causes while drawing compensation for temporary total disability, his dependents are entitled to a postmortem award for serious bodily disfigurement. There was sufficient evidence of record in this proceeding to support an award for disfigurement under G.S. 97-31(22) and the dependents of the deceased were entitled to the proceeds of that award since the deceased worker's claim was pending at the time of his death and encompassed his entitlement to any discretionary compensation that might be awarded for serious bodily disfigurement; the deceased employee had second and third degree burns over 30 percent of his body which left scars extending from below the elbow, over the shoulder and over the front of the chest and armpit on the right side; the burns were so serious that skin grafts were required; there was considerable scarring, roughness and discoloration of the skin and some limitation of motion in the shoulder; and it was apparent that the disfigurement resulting from the burns marred and adversely affected the appearance of the injured employee to such extent that the Industrial Commission could reasonably presume that his opportunities for remunerative employment were lessened and his future earning power diminished.

2. **Master and Servant § 69— workers' compensation—claim for serious bodily disfigurement—filing of additional claim unnecessary**

An employee is required to file but a single claim for workers' compensation, and the amount of compensation payable is predicated on the extent of the disability resulting from the accident; thus, it was not necessary for plaintiff's decedent to file an additional claim for serious bodily disfigurement, since

Wilhite v. Veneer Co.

his claim based on serious bodily disfigurement was encompassed by defendants' admission of liability and payment of temporary total disability benefits to the date of his death.

ON discretionary review of decision of the Court of Appeals, 47 N.C. App. 434, 267 S.E. 2d 566 (1980).

Plaintiff instituted this proceeding before the North Carolina Industrial Commission to recover compensation benefits on account of the death of her husband Earnest Wilhite.

On 20 June 1975 Mr. Wilhite, then 56 years old, was operating a tractor for his employer when the radiator of the tractor exploded and sprayed him with boiling hot water. He was treated at the Burn Center at Memorial Hospital in Chapel Hill from the date of the accident until he was discharged on 2 August 1975. He was diagnosed as having second- and third-degree burns over 30 percent of his body. His treatment included among other things skin grafts to three areas: the right arm, right leg and penis. He was given physical therapy treatments intended to improve the movement of the right shoulder and right upper extremity. The severe second- and third-degree burns left scars extending from below the elbow, over the shoulder and over the front of the chest and armpit on the right side. There was considerable scarring, roughness and discoloration of the skin. There was also some limitation of motion in the shoulder.

On 25 August 1975 Mr. Wilhite suffered a heart attack, was seen by Dr. L. W. Query and was admitted to a local hospital from which he was discharged on 8 September 1975. He was readmitted on 21 September 1975 and died from the heart attack on 23 September 1975. Plaintiff instituted this proceeding to recover compensation benefits on account of the death of her husband, Earnest Wilhite, contending that he died as a result of heart attacks that were causally related to his injury by accident on 20 June 1975. Based on evidence adduced at various hearings, including the testimony of two medical doctors, both the hearing commissioner and the Full Commission concluded there was no causal connection between decedent's heart attacks and the injury by accident on 20 June 1975 when the tractor radiator exploded. Consequently, compensation for the death pursuant to G.S. 97-38 was denied. The hearing commissioner further conclud-

ed decedent's dependents were not entitled to compensation for decedent's serious bodily disfigurement because the employee, being deceased, had not suffered any diminution of his future earning power or his ability to seek and obtain gainful employment.

On appeal, the Full Commission found as a fact that decedent had sustained serious bodily disfigurement; that such disfigurement could be "reasonably presumed" to lessen his opportunity for remunerative employment and so reduce his future earning capacity; and that decedent's dependents were entitled to compensation for such serious bodily disfigurement in the amount of $2250. An award was made accordingly. Defendants appealed to the Court of Appeals.

The Court of Appeals held that plaintiff's dependents were entitled to an award for decedent's serious bodily disfigurement but found the record insufficient to reflect the necessary facts upon which such an award should be based. Accordingly, the court vacated the award and remanded the case to the Industrial Commission for additional findings of fact concerning the state of decedent's recovery at the time of his death, the best possible medical estimate as to the probable residual disability that would have remained had the decedent lived, and a determination of the effect of such disability on the capacity of the decedent to earn a living. We allowed defendants' petition for discretionary review of that decision.

*Sammie Chess, Jr., attorney for plaintiff appellee.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, P.A., by Joseph E. Elrod III and Joseph F. Brotherton, attorneys for defendant appellants.*

HUSKINS, Justice.

[1] When an employee suffers serious bodily disfigurement due to an accident covered by the Workers' Compensation Act and dies from unrelated causes while drawing compensation for temporary total disability, are his dependents entitled to a postmortem award for serious bodily disfigurement? That is the determinative question posed by this appeal.

As of 20 June 1975 when Mr. Wilhite was injured, G.S. 97-31 (22) read as follows:

In case of serious bodily disfigurement for which no compensation is payable under any other subdivision of this section, but excluding the disfigurement resulting from permanent loss or permanent partial loss of use of any member of the body for which compensation is fixed in the schedule contained in this section, the Industrial Commission may award proper and equitable compensation not to exceed seven thousand five hundred dollars ($7,500.00).

Where serious bodily disfigurement is involved, an award of compensation therefor is not *required* by the statute but may be allowed in the discretion of the Industrial Commission. *Branham v. Panel Co.*, 223 N.C. 233, 25 S.E. 2d 865 (1943); *Stanley v. Hyman-Michaels Co.*, 222 N.C. 257, 22 S.E. 2d 570 (1942).

[2] Although it is not entirely clear from the record, we assume that defendants admitted liability under the Workers' Compensation Act and plaintiff's decedent was paid compensation for temporary total disability from the date of his injury to the date of his death. In such case, had the injured employee lived he would have been entitled to an award which encompassed all injuries received in the accident. His claim was properly pending before the Industrial Commission for that purpose. The employee is required to file but a single claim, and the amount of compensation payable is predicated on the extent of the disability resulting from the accident. *Smith v. Red Cross*, 245 N.C. 116, 95 S.E. 2d 559 (1956). Thus it was not necessary for Earnest Wilhite to file an additional claim for serious bodily disfigurement. His claim based on serious bodily disfigurement was encompassed by defendants' admission of liability and payment of temporary total disability benefits to date of his death. "Until all of an injured employee's compensable injuries and disabilities have been considered and adjudicated by the Commission, the proceeding pends for the purpose of evaluation, absent laches or some statutory time limitation." *Hall v. Chevrolet Co.*, 263 N.C. 569, 578, 139 S.E. 2d 857, 863 (1965). *Accord, Giles v. Tri-State Erectors*, 287 N.C. 219, 214 S.E. 2d 107 (1975).

We have held that "there is a serious disfigurement in law only when there is a serious disfigurement in fact. A serious disfigurement in fact is a disfigurement that mars and hence adversely affects the appearance of the injured employee to such

extent that it may be reasonably presumed to lessen his opportunities for remunerative employment and so reduce his future earning power. True, *no present loss of wages* need be established; but to be *serious*, the disfigurement must be of such nature that it may be fairly presumed that the injured employee has suffered a diminution of his future earning power." *Davis v. Construction Co.*, 247 N.C. 332, 336, 101 S.E. 2d 40, 43 (1957) (emphasis original).

In *Stanley v. Hyman-Michaels Co.*, supra, we said:

In awarding compensation for serious disfigurement, we think the Commission, in arriving at the diminution of earning power from disfigurement and making its award, should take into consideration the natural physical handicap resulting from the disfigurement, the age, training, experience, education, occupation and adaptability of the employee to obtain and retain employment. What is reasonable compensation for serious disfigurement is for the determination of the Commission in each case in the light of the facts established by competent evidence.

222 N.C. at 266, 22 S.E. 2d at 576.

G.S. 97-37 in pertinent part provides:

When an employee receives *or is entitled to* compensation under this Article for an injury covered by G.S. 97-31 and dies from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made: First, to the surviving whole dependents; second, to partial dependents, and, if no dependents, to the next of kin as defined in the Article; if there are no whole or partial dependents or next of kin as defined in the Article, then to the personal representative, in lieu of the compensation the employee *would have been entitled* to had he lived. (Emphasis added.)

[1] Guided by the foregoing legal principles, we hold (1) that there is sufficient evidence of record to support an award for disfigurement under G.S. 97-31(22); and (2) the dependents of the deceased worker are entitled to the proceeds of that award. We reach these conclusions because the deceased worker's claim was pending at the time of his death and encompassed his entitlement

to any discretionary compensation that might be awarded for serious bodily disfigurement. Moreover, the record shows that the deceased employee had second- and third-degree burns over 30 percent of his body which left scars extending from below the elbow, over the shoulder and over the front of the chest and arm-pit on the right side. The burns were so serious that skin grafts were required on the right arm, right leg and penis. There was considerable scarring, roughness and discoloration of the skin and some limitation of motion in the shoulder. It is quite apparent that the disfigurement resulting from the burns marred and adversely affected the appearance of the injured employee to such extent that the Industrial Commission could *reasonably presume* that his opportunities for remunerative employment were lessened and his future earning power diminished. Stated somewhat differently, the disfigurement was of such nature that the Industrial Commission could *fairly presume* that the injured employee had suffered a diminution of his future earning power. This constitutes serious bodily disfigurement within the meaning of the law.

The Full Commission's findings of fact support the conclusions of law and the award based thereon without additional findings as ordered by the Court of Appeals. The amount of the award, $2,250, rested in the sound discretion of the Industrial Commission. We think this result is consonant with the provisions of G.S. 97-31(22) and G.S. 97-37 construed together. Had Earnest Wilhite lived, he would have been entitled to compensation under G.S. 97-31(22) for serious bodily disfigurement. Since he died from other unrelated causes, the compensation for serious bodily disfigurement must be paid to his surviving whole dependents "in lieu of the compensation the employee would have been entitled to had he lived." G.S. 97-37. Our holding is consistent with a liberal construction of the statutes and with the legislative intent.

For the reasons stated the decision and award of the Industrial Commission must be reinstated. The case is remanded to the Court of Appeals for further remand to the Industrial Commission for further proceedings consistent with this opinion.

Affirmed in part; reversed in part, and remanded.