ROBERT CARRINGTON, EMPLOYEE, PLAINTIFF v. HOUSING AUTHORITY OF THE CITY OF DURHAM, EMPLOYER; U. S. FIRE INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8110IC94

(Filed 6 October 1981)

**Master and Servant § 74— workers' compensation—award for disfigurement—insufficient evidence**

An observation by the hearing commissioner in a workers' compensation hearing that the very tip of plaintiff's left index finger was missing was insufficient to support an award to plaintiff for serious bodily disfigurement.

APPEAL by defendant from the North Carolina Industrial Commission. Opinion and award filed 3 November 1980. Heard in the Court of Appeals 2 September 1981.

Plaintiff brought this action to recover workers' compensation for serious bodily disfigurement resulting from an accidental injury sustained at work. Plaintiff was employed by defendant Housing Authority as a Maintenance Engineer, a job which entailed general maintenance work. On 20 September 1977, as plaintiff was taking a tire off a truck, the tire rim fell on his left index finger. The fingertip was injured and required treatment at the Durham County General Hospital. The very tip of plaintiff's left index finger, the fleshy part above the top of his fingernail, is missing as a result of this accident. Plaintiff missed no time at work because of this injury. Both parties have stipulated that plaintiff's injury arose out of and in the course of his employment.

By stipulation of the parties, the hearing before Deputy Commissioner Denson was limited solely to the issue of disfigurement, and the amount, if any, to which plaintiff was entitled due to disfigurement. Plaintiff was awarded $300.00 for disfigurement. Defendant appealed to the Full Commission.

By order dated 3 November 1980, the Full Commission affirmed and adopted Deputy Commissioner Denson's opinion and award. Defendant has appealed from this opinion and award.

*F. H. Brown, for plaintiff-appellee.*

*Young, Moore, Henderson & Alvis, by William H. Lipscomb, for defendant-appellant.*

WELLS, Judge.

The question brought forward in this appeal is whether the Commission's findings of fact upon which plaintiff's award was based are supported by competent evidence. In an appeal from the Industrial Commission, our scope of review is limited. The Industrial Commission's findings of fact are binding on us if supported by competent evidence. *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978). The Commission's findings of fact may be set aside on appeal only when there is a complete lack of competent evidence to support them. *Click v. Freight Carriers*, 300 N.C. 164, 265 S.E. 2d 389 (1980).

Plaintiff's award for disfigurement was based upon the following findings of fact made by Deputy Commissioner Denson and adopted by the Full Commission:

Plaintiff has sustained disfigurement in scarring described as follows:

"The very very tip of plaintiff's left index finger is missing. Plaintiff indicates that he has numbness in the end of that finger so that if he tries to screw a bolt, for example, he can't hold on to it for very long at a time and he has to change hands."

As a result fo the injury in question, the plaintiff has suffered bodily disfigurement as herein described which is permanent and serious and is such as would hamper plaintiff in his earnings and in seeking employment.

Defendant contends that this finding is not supported by competent evidence. We agree. The only competent evidence on the subject of plaintiff's disfigurement came from the plaintiff, who testified that: "I couldn't see any disfigurement myself, but I don't know". During the course of the hearing, Deputy Commissioner Denson observed and described plaintiff's fingertip as follows:

The very tip of plaintiff's left index finger is missing. There is no area below the end of the nail that is gone but the very fleshy part at the end is gone. He has some small linear scars, not really very discolored, going into the nail itself, but

the main thing is that the—just the very, very tip of the finger is missing.

Such an observation on the part of the Hearing Commissioner does not constitute evidence and cannot provide the basis for any finding of fact. *See Weidle v. Cloverdale Ford,* 50 N.C. App. 555, 274 S.E. 2d 263 (1981).

Over defendant's objection, Deputy Commissioner Denson asked plaintiff to testify as to the functional condition of his left index finger, as follows:

COURT: Do you notice that you have any problems with that at all?

PLAINTIFF: Well, it's numb across the end of—

MR. MCLAMB: Objection . . .

. . .

PLAINTIFF: I notice this anytime I try to screw a bolt or something. It hurts just a little bit but I can tell it. I can't really hold it long at the time. When I feel the numbness I have to change hands, for a little while anyway. I do not notice any other problems with it at all.

"Serious bodily disfigurement"[1] has been construed by our Supreme Court as follows:

"A serious disfigurement in fact is a disfigurement that mars and hence adversely affects the appearance of the injured employee to such extent that it may be reasonably presumed to lessen his opportunities for remunerative employment and so reduce his future earning power."

*Davis v. Sanford Construction Co.,* 247 N.C. 332, 101 S.E. 2d 40 (1957); *see also Click v. Freight Carriers,* supra. The testimony quoted above was not relevant to the question of disfigurement and should have been excluded.

Since the findings of fact upon which plaintiff's award was based was not supported by competent evidence, the award and order of the Commission must be and is

---

1. *See* G.S. 97-31(22).

Reversed.

Chief Judge MORRIS and Judge CLARK concur.