Locklear v. Canal Wood Corp.

JAMES S. LOCKLEAR, Employee, Plaintiff v. CANAL WOOD CORPORATION, Employer, and HEWITT, COLEMAN & ASSOCIATES, INC., Defendants, Carrier

No. 8210IC708

(Filed 5 July 1983)

**Master and Servant § 74— workers' compensation — serious bodily disfigurement — sufficiency of evidence**

> The evidence was sufficient to support a determination by the Industrial Commission that plaintiff was entitled to compensation for serious bodily disfigurement from four scars on his leg as a result of a chain saw accident where, in addition to the Deputy Commissioner's own observations, plaintiff presented evidence that he had no scars on his leg prior to the accident, that he was a senior in college majoring in physical education, and that he planned to be a high school physical education teacher, which would involve wearing shorts, since the Commission could properly find that the disfigurement would tend to hamper plaintiff in his earnings and in seeking employment because of his training to be a physical education teacher and the fact that such occupation routinely requires the wearing of shorts.

APPEAL by defendants from Opinion and Award of the North Carolina Industrial Commission entered 28 May 1982. Heard in the Court of Appeals 12 May 1983.

This case involves a claim by plaintiff for compensation under the Workers' Compensation Act for serious bodily disfigurement as a result of a compensable injury. Plaintiff was injured while cutting trees for defendant-employer when he lost his balance, fell backward and was cut on the right leg by a chain saw. The injury was accepted as compensable by defendants, and plaintiff was paid temporary total disability. In this action, plaintiff sought compensation for four scars on his leg as a result of the accident.

The Deputy Commissioner found that plaintiff had sustained serious bodily disfigurement and awarded him $1,500.00. Upon appeal, on 28 May 1982 the Full Commission adopted the Opinion and Award of the Deputy Commissioner. Defendants appeal.

*Regan and Regan by Cabell J. Regan for plaintiff appellee.*

*Gene Collinson Smith for defendant appellants.*

BRASWELL, Judge.

The question before us on this appeal is whether the Commission's findings of fact upon which plaintiff's award is based are supported by competent evidence. *Locklear v. Robeson County*, 55 N.C. App. 96, 284 S.E. 2d 540 (1981). If such evidence exists, the findings are conclusive on appeal, even though the evidence presented could possibly have supported findings to the contrary. *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175 (1960).

Plaintiff's award for disfigurement was based upon the following findings of fact made by Deputy Commissioner Delbridge and adopted by the Full Commission:

"2. As a result of the injury in question, plaintiff has disfigurement which was viewed by the undersigned and described as follows:

'Let the record show that the undersigned observed the right leg of the plaintiff and noted below the knee on the outer aspect of the leg there are a series of scars, the largest of which is approximately 8 inches in length and ¼ inch in width. This being approximately halfway between the knee and the ankle. Just above this on the outer aspect of the leg there is another scar that is approximately 3 inches in length and ¼ inch in width. There is another scar just below the kneecap itself which is about the size of a quarter. And above this there is an additional scar that is small making a total of four scars on the plaintiff's right leg. These scars are a different color from the remaining skin on the plaintiff's leg, being a darker color than the other portion of the leg.'

3. As a result of the injury in question, plaintiff has suffered bodily disfigurement as hereinabove described which is permanent and serious and is such as would tend to hamper plaintiff in his earnings and in seeking employment; that proper and equitable compensation for said disfigurement is $1,500.00."

Defendant contends that these findings are not supported by competent evidence. "Serious bodily disfigurement" is compensable under G.S. 97-31(22), which provides:

"In case of serious bodily disfigurement for which no compensation is payable under any other subdivision of this section, but excluding the disfigurement resulting from permanent loss or permanent partial loss of use of any member of the body for which compensation is fixed in the schedule contained in this section, the Industrial Commission may award proper and equitable compensation not to exceed ten thousand dollars ($10,000)."

Our Supreme Court has held that "there is a serious disfigurement in law only when there is a serious disfigurement in fact. A serious disfigurement in fact is a disfigurement that mars and hence adversely affects the appearance of the injured employee to such extent that it may be reasonably presumed to lessen his opportunities for remunerative employment and so reduce his future earning power. True, *no present loss of wages* need be established; but to be *serious,* the disfigurement must be of such nature that it may be fairly presumed that the injured employee has suffered a diminution of his future earning power." *Davis v. Construction Co.,* 247 N.C. 332, 336, 101 S.E. 2d 40, 43 (1957).

Our Court has recently held that a finding of disfigurement based upon a Deputy Commissioner's personal observation, standing alone, is inadequate because it affords the appellate court no basis for review. *Carrington v. Housing Authority,* 54 N.C. App. 158, 282 S.E. 2d 541 (1981); *Weidle v. Cloverdale Ford,* 50 N.C. App. 555, 274 S.E. 2d 263 (1981). In *Carrington,* the only evidence, other than the Deputy Commissioner's observations, of claimant's disfigurement was claimant's testimony that " 'I couldn't see any disfigurement myself, but I don't know.' " *Carrington v. Housing Authority, supra,* at 159, 282 S.E. 2d at 542. Likewise, in *Weidle,* the claimant testified that he had returned to work in the same position that he had held prior to the accident, that the injury caused him no discomfort and no embarrassment on the job. There was no testimony concerning any disfigurement. *Weidle v. Cloverdale Ford, supra,* at 556, 274 S.E. 2d at 264. In each case, this Court held that the evidence was insufficient to support the Commission's findings of serious bodily disfigurement.

We find that the case presented by this appeal differs from both *Carrington* and *Weidle* in that there was competent evidence, in addition to the Deputy Commissioner's own observa-

tions, to support the finding of fact. Plaintiff testified that prior to the accident, he had no scars on his leg. As a result of the injuries he received from the chain saw, he has scarring in four separate places. At the time of the hearing plaintiff was a senior at Pembroke State University, majoring in physical education. He planned to be a high school physical education teacher, which would involve wearing short pants a great deal of time in the gym and outdoors. Although plaintiff's description of the scars is not as detailed as the Deputy Commissioner's observation, his testimony is competent direct evidence of his serious bodily disfigurement and supports the finding of disfigurement made by the Deputy Commissioner and adopted by the Commission.

We also believe that plaintiff's testimony is competent evidence to support the finding that the disfigurement would tend to hamper plaintiff in his earnings and in seeking employment. We think this case is distinguishable from that presented in *Liles v. Charles Lee Byrd Logging Co.*, 59 N.C. App. 330, 296 S.E. 2d 485 (1982), *disc. rev. allowed,* 307 N.C. 577, 299 S.E. 2d 646 (1983). In *Liles,* the claimant was a logger who had two unsightly scars on his knee as the result of a compensable accident. Claimant returned to the same job he had before the accident at the same wages. This Court held that the scars were not a serious bodily disfigurement since claimant failed to show that he would be handicapped in obtaining or performing any job for which he is otherwise qualified. We find, however, in the case before us that because of plaintiff's training to be a physical education teacher, which occupation routinely involves wearing shorts, the disfigurement of the lower right leg was of such nature that the Commission could "fairly [presume] that the injured employee has suffered a diminution of his future earning power." *Davis v. Construction Co., supra; Wilhite v. Veneer Co.,* 303 N.C. 281, 286, 278 S.E. 2d 234, 237 (1981).

We hold that there was competent evidence to support the Commission's findings and conclusions that plaintiff has sustained serious bodily disfigurement within the meaning of the law. The Opinion and Award of the Industrial Commission is

Affirmed.

Judges WEBB and WHICHARD concur.