Costner v. A. A. Ramsey & Sons

Affirmed.

Judges WEBB and EAGLES concur.

———————

NELDA D. COSTNER, WIDOW OF THE DECEASED, AND NELDA D. COSTNER, AD-
MINISTRATRIX OF THE ESTATE OF AUSTIN F. COSTNER, DECEASED EM-
PLOYEE v. A. A. RAMSEY & SONS, INCORPORATED, EMPLOYER; AND
BITUMINOUS INSURANCE COMPANIES, CARRIER

No. 8610IC65

(Filed 3 June 1986)

Master and Servant § 79.1— workers' compensation—permanent disability—death
of employee—no continued compensation to dependent

The dependent of a deceased employee who was receiving benefits for
total and permanent disability because of the loss of use of both legs is not en-
titled to receive compensation as a survivor where the employee's injury oc-
curred before the 1 July 1975 amendment to N.C.G.S. § 97-31(17), since the
dependent's claim is based on the employee's claim and is governed by the law
in effect at the time of the employee's injury, and under that law the deceased
employee had no vested benefit which would pass to his survivor.

Judge JOHNSON dissenting.

APPEAL by defendants from an opinion and award of the In-
dustrial Commission filed 15 October 1985. Heard in the Court of
Appeals 15 May 1986.

The defendants appeal from an award to the widow and ad-
ministratrix of the estate of Austin F. Costner. The deputy com-
missioner found facts which are not disputed that Austin F.
Costner, who was employed by A. A. Ramsey & Sons, Incorpo-
rated, was injured by an accident arising out of and in the course
of his employment on 16 March 1979. As a result of this accident
he lost the use of both legs. He entered into an agreement with
the defendants by which he was paid compensation for total and
permanent disability. Austin F. Costner died on 21 July 1984 from
a cause unrelated to his compensable injury. At the time of his
death he had received 281 weeks of compensation.

The deputy commissioner concluded that Nelda Costner was
entitled to 119 weeks of compensation. The Full Commission

adopted the findings and conclusions of Deputy Commissioner Sellers and the defendants appealed.

*Bridges, Bridges & Morgan, P.A., by Forrest Donald Bridges, for plaintiff appellees.*

*Caudle & Spears, P.A., by Lloyd C. Caudle and Richard S. Guy, for defendant appellants.*

WEBB, Judge.

The question posed by this appeal is whether the dependent of a deceased employee who was receiving benefits for permanent disability is entitled to receive payments under the Workers' Compensation Act as a survivor. We hold that she is not entitled to such benefits.

The decision in this case depends on the interpretation of several sections of the Workers' Compensation Act. G.S. 97-31(17) was amended effective 1 July 1979 to add the part in brackets.

The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof, shall constitute total and permanent disability, to be compensated according to the provisions of G.S. 97-29. [The employee shall have a vested right in a minimum amount of compensation for the total number of weeks of benefits provided under this section for each member involved. When an employee dies from any cause other than the injury for which he is entitled to compensation, payment of the minimum amount of compensation shall be payable as provided in G.S. 97-37.]

The Industrial Commission, relying on *Booker v. Medical Center*, 297 N.C. 458, 256 S.E. 2d 189 (1979), held that because the right of the plaintiff did not arise until after the amendment to the statute the amendment applied to her claim. We do not believe this was correct. The claim of the plaintiff in *Booker* was pursuant to G.S. 97-38. G.S. 97-38 creates a claim for dependents of persons who die as the result of a compensable accident. Our Supreme Court held that since the claim for the dependent in that case did not arise until the death of the employee the claim was governed by the statute in effect at the time of the employee's death. In this case G.S. 97-31(17) does not create a claim for a dependent. The plaintiff's claim is based on Austin Costner's

claim. She is entitled to that part of his claim which had vested at his death. Austin Costner's injury occurred before the amendment to the statute and his claim was governed by the law in effect at that time. *See Wood v. Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979). Because the plaintiff's claim is based on Austin Costner's claim, it is governed by the law in effect at the time of Austin Costner's injury.

The appellees argue that the amendment to G.S. 97-31(17) is merely a compilation of the existing case law and that prior to the adoption of the amendment she had a right to the payment of the compensation which would have been due her deceased husband. She bases this argument on *McCulloh v. Catawba College*, 266 N.C. 513, 146 S.E. 2d 467 (1966); *Butts v. Montague Bros.*, 204 N.C. 389, 168 S.E. 2d 215 (1933); and *Wilhite v. Veneer Co.*, 303 N.C. 281, 278 S.E. 2d 234 (1981). Each of these cases involved a claim by a survivor to benefits of the decedent that had vested prior to death. It was held in each case that a survivor of a deceased employee is entitled to the benefits to which the employee was entitled at the time of his death. In this case Austin F. Costner was entitled under G.S. 97-31(17) to compensation for total and permanent disability according to G.S. 97-29. G.S. 97-29 provided that the benefits would last during Mr. Costner's total disability. It did not provide that the benefits would survive his death. He had no vested benefit which would pass to his survivor.

We reverse and remand to the Industrial Commission for an order consistent with this opinion.

Reversed and remanded.

Judge WHICHARD concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I believe *Booker v. Duke Medical Center*, 297 N.C. 458, 256 S.E. 2d 189 (1979) controlling, as did the Full Commission, despite the distinction between G.S. 97-37 and G.S. 97-38 pointed out in the majority opinion. In *Booker*, the Court stated:

Among those [majority of] jurisdictions which, like North Carolina, treat the dependents' right to compensation as separate and distinct from the rights of the injured employee, it is generally held that the right to compensation is governed by the law in force at the time of death. (Citations omitted.) This rule has been applied *even when the effect was to confer upon the dependents substantive rights which were unavailable to the employee during his lifetime.* (Citation omitted.)

*Id.* at 467, 256 S.E. 2d at 195. (Emphasis added.)

The Court in so stating in no way limited the application of this rule to G.S. 97-38, that is, to only dependents of employees who died as a result of the compensable accident.

Moreover, to construe G.S. 97-37 and G.S. 97-31(17) as the majority does leads to absurd results. As one example, according to the majority's construction, dependents of an employee who suffers the loss of one leg prior to the effective date of the amendment to G.S. 97-31(17) and then dies from causes unrelated to the compensable injury within 200 weeks from the time of the injury are better off than the dependents of an employee who suffers the loss of *two* legs, such that he is deemed totally and permanently disabled, and likewise dies from causes unrelated to the compensable injury within 200 weeks. The former dependents receive compensation; the latter receive none. I believe the majority's construction, which permits such a result, violative of the Supreme Court's clear mandate to construe G.S. ch. 97 liberally "to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation." *Guest v. Brenner Iron & Metal Co.,* 241 N.C. 448, 452, 85 S.E. 2d 596, 599 (1955).