One member of the Full Commission panel that issued the interim opinion has since left the Commission, and has been replaced herein by Chairman Bunn, who has considered and acted upon the entire record when joining in this decision. Crawford v. Wayne Co. Bd. of Educ.,275 N.C. 354, 361, 168 S.E.2d 33 (1969); Gant v. Crouch, 243 N.C. 604,607, 91 S.E.2d 605 (1956).
Prior to the hearing of this matter by the Full Commission, plaintiff's decedent passed away due to causes unrelated to the claim. Her husband has continued to prosecute the claim as the executor of her estate. The estate is entitled to any accrued but unpaid benefits, due on the date of decease, and any further benefits are payable to the surviving spouse as a presumed "whole dependent". N.C.G.S §§ 97-37 and 97-39; Wilhite v. Liberty Veneer,47 N.C. App. 434, 438, 267 S.E.2d 556; 303 N.C. 281, 286,278 S.E.2d 234 (1981).
The deputy held that there was insufficient medical evidence presented at the hearing to connect plaintiff's decedent's carpal tunnel syndrome with her employment. Plaintiff's decedent's doctors were not deposed prior to the hearing, hence no expert medical opinion evidence was presented.
In light of substantial indications that plaintiff's decedent could or might have suffered disability due to an occupational disease, the Commission exercised its discretion, per N.C.G.S. § 97-85, to reopen the record for expert medical testimony. The evidence fails to establish that the employment placed the plaintiff's decedent at a greater risk than the public generally of contracting the alleged occupational disease, or that an injury by accident in April, 1991, which the plaintiff's decedent had described, was related to any subsequent periods of disability.
Upon review of all of the competent evidence of record with reference to the errors assigned, the Full Commission makes the following findings and conclusions, largely adopted from those of the hearing Deputy:
FINDINGS OF FACT
1. Plaintiff's decedent began working for defendant in 1980. In April of 1991, plaintiff's decedent's job was to cut off pieces of yarn with a retractable knife.
2. In April of 1991, plaintiff's decedent began having wrist and arm pain. Plaintiff's decedent was seen by Dr. Edward S. Whitesides in September of 1991. Plaintiff's decedent was also seen by Dr. Scott Spillmann.
3. Plaintiff's decedent was first released to return to light duty work by Dr. Spillmann on October 8, 1991 and was released to return to light duty, one handed-work, by Dr. Whitesides on October 20, 1991.
4. Work within plaintiff's decedent's capacity was offered her by defendant, but she voluntarily decided not to do the light duty work provided.
5. The evidence fails to show that the plaintiff's decedent's wrist and arm conditions were due to causes and conditions characteristic of and particular to her employment.
6. The evidence fails to show that plaintiff's decedent's employment placed her at an increased risk, in comparison to the general public, of contracting the wrist and arm problems she suffered.
7. The expert medical testimony fails to relate periods of disability suffered by plaintiff's decedent to an occupational disease or injury suffered in connection with her employment with the defendant.
**************
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. A plaintiff claiming the right to compensation for an occupational disease has the burden of proving each and every element of compensability. Moore v. J.P. Stevens and Co., 47 N.C. App. 744,269 S.E.2d 159 (1980).
2. In order for an occupational disease to be compensable under N.C.G.S § 97-53 (13), it must be shown that the disease was due to causes and conditions characteristic of and peculiar to the employment and that the employment placed the worker at a greater risk than the general public of contracting the disease. Booker v. Duke Medical Center, 297 N.C. 458,256 S.E.2d 189 (1979).
3. The expert medical opinion evidence failed to prove that plaintiff's decedent was placed at increased risk of contracting a disease over that of the general public, that plaintiff's decedent's wrist and arm problems were due to causes and conditions characteristic of and peculiar to her employment with defendant, or that she suffered disability due to an injury or occupational disease related to her employment. N.C. Gen. Stat. §§ 97-2 (6); 97-53 (13).
**************
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Consequently, plaintiff's decedent's claim for compensation must be, and hereby is, DENIED.
2. Each side shall bear its own costs, including the fees of expert witnesses pursuant to prior Orders.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ COY M. VANCE COMMISSIONER
JRW:md