**BLACKWELL v. MULTI FOODS MANAGEMENT, INC.**

[126 N.C. App. 189 (1997)]

Reversed and remanded in part; and affirmed in part.

Chief Judge ARNOLD and Judge MARTIN, John C. concur.

———

MICHAEL W. BLACKWELL, Plaintiff-Employee v. MULTI FOODS MANAGEMENT, INC., Defendant-Employer, and HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant-Carrier

No. COA96-522

(Filed 6 May 1997)

**Workers' Compensation § 250 (NCI4th)— bodily disfigurement—foot injuries—limited job and career opportunities**

The Industrial Commission properly awarded $2,000 to plaintiff for bodily disfigurement for burn injuries plaintiff sustained to his foot in a work-related accident where the Commission made findings of fact that plaintiff's injury resulted in a repulsive disfigurement, required plaintiff to occasionally massage his stinging, tight scar tissue after being on his feet for an extended period of time, limits his employment choices because jobs that require extensive walking bother his foot, and will limit his future earning opportunities in light of his young age, his education, and the career opportunities available to him.

**Am Jur 2d, Damages §§ 271, 385, 1009, 1018; Workers' Compensation § 363.**

**Excessiveness or adequacy of damages awarded to injured person for injuries to arms, legs, feet, and hands. 11 ALR3d 9.**

**Sufficiency of evidence, in personal injury action, to prove impairment of earning capacity and to warrant instructions to jury thereon. 18 ALR3d 88.**

**Injuries to arms, leg, feet, and hands. 12 ALR4th 96.**

Appeal by defendants from Opinion and Award for the Full Commission by Commissioner Bernadine S. Ballance filed on 11 January 1996 in the North Carolina Industrial Commission. Heard in the Court of Appeals 14 April 1997.

BLACKWELL v. MULTI FOODS MANAGEMENT, INC.

[126 N.C. App. 189 (1997)]

While employed by defendant-employer as a cook in its Shoney's Restaurant in Eden, North Carolina, plaintiff sustained a burn to his right foot when he stepped into a fry pot full of hot grease on 11 January 1992.

Dr. Ed Purvis treated plaintiff's injuries. Dr. Purvis released defendant to return to work without restrictions on 23 April 1992. Plaintiff voluntarily terminated his employment with defendant-employer because he had been re-assigned to a bus-boy position and the constant walking required by this position aggravated his injury.

On 12 June 1992 defendant went to Dr. Gerald Truesdale for a second opinion. Dr. Truesdale agreed with Dr. Purvis and stated that defendant "may return to work on a limited basis . . . ."

Although Dr. Purvis noted that plaintiff continued to experience some discomfort from his injury, he nevertheless determined that plaintiff had no lasting disability and released him from his care on 1 September 1992.

At the time of the hearing before the North Carolina Industrial Commission on 16 November 1994, Fieldcrest Cannon employed plaintiff on a full-time basis at a wage of $7.50 an hour. His injury did not prohibit him from working, and did not have any effect on the number of hours he worked. However, his injury still caused him pain and discomfort. In order to relieve this pain, at his new job plaintiff occasionally removed his footwear and massaged the thicker scar tissue. He did this in private because of the appearance of the afflicted area.

Following denial of plaintiff's claim for compensation for bodily disfigurement, the North Carolina Industrial Commission held a hearing before Deputy Commissioner Douglas E. Berger on 16 November 1994 in Wentworth, North Carolina. In an Opinion and Award entered 7 March 1995, Deputy Commissioner Berger awarded plaintiff $2,000.00 for bodily disfigurement. Defendants made an application for review of this decision to the Full Commission. On 11 January 1996 the Full Commission entered an Opinion and Award by Commissioner Bernadine S. Ballance affirming the Opinion and Award of the Deputy Commissioner and modifying the findings of fact by adding an additional finding concerning plaintiff's earning capacity. Defendants appeal from this Opinion and Award.

*David P. Stewart for plaintiff appellee.*

*Tuggle Duggins & Meschan, P.A., by J. Reed Johnston, Jr., for defendant appellants.*

SMITH, Judge.

Defendants contend that the Industrial Commission committed error in concluding that plaintiff has a "serious bodily disfigurement" pursuant to N.C. Gen. Stat. § 97-31(22) (1987) and is entitled to compensation.

Defendants assign error to the following findings of fact enumerated in the Opinion and Award of the Full Commission:

5. The injury causes plaintiff pain and discomfort. In order to relieve his discomfort, the plaintiff must periodically remove his footwear in order to rub the scarred area while at work. The plaintiff experiences discomfort to his foot when the foot is exposed to sunlight.

6. The plaintiff is also limited in his employment choices because jobs that require extensive walking bothers [sic] his foot. Plaintiff voluntarily terminated his employment with defendant-employer because he had been re-assigned to a bus-boy position and the constant walking necessitated by this position aggravated his foot condition.

7. As a result of his injury by accident, plaintiff has sustained scarring to his right foot which is repulsive to other people.

8. As a result of his injury by accident, plaintiff has suffered serious and permanent bodily disfigurement to such an extent that it may reasonably be presumed to lessen his future opportunities for remunerative employment and so reduce his future earning capacity in light of plaintiff's young age, education and the career opportunities available to him.

Defendants assert there is no competent evidence to support the above findings of fact. We disagree.

In general, this Court may not set aside the Industrial Commission's findings of fact unless there is a complete lack of competent evidence to support them. *Carrington v. Housing Authority,* 54 N.C. App. 158, 159, 282 S.E.2d 541, 541-42 (1981).

The Deputy Commissioner heard testimony from plaintiff, examined medical records, and made personal observations concerning plaintiff's disfigurement. Medical records five months after the accident indicated that plaintiff's scar was severe and looked as if it resulted from a deep second or third degree burn. The Deputy Commissioner described the discoloration and size of the scar on plaintiff's foot. He heard plaintiff give testimony he did not return to the same position with defendant-employer, but was assigned new positions requiring more walking. Plaintiff terminated his employment because walking in these new jobs caused him discomfort.

Plaintiff also testified his disfigurement currently bothers him at his new job and he occasionally has to go to the break room and massage the stinging, tight, scar tissue in order to help relieve his discomfort. He performs this therapy in private because the scar is repulsive to others. Nonetheless, plaintiff is able to work all the hours required of his position. Plaintiff testified he would soon be attending community college to become a machinist. He indicated that as he advances in the machinist trade more walking will be required of him.

We find the above provided the Deputy Commissioner with competent testimony for the Industrial Commission's finding of facts to which defendants assign error. We now turn to whether these findings of facts support a presumption that defendant's future earning capacity is reduced as a result of his disfigurement.

In order to be compensated for a bodily disfigurement per G.S. § 97-31(22) the injury "must be of such a nature that it may be fairly presumed that the injured employee has suffered a diminution of his future earning power." *Liles v. Charles Lee Byrd Logging Co.*, 309 N.C. 150, 154, 305 S.E.2d 523, 525 (1983) (quoting *Davis v. Sanford Constr. Co.*, 247 N.C. 332, 336 101 S.E.2d 40, 43 (1957)). In *Liles v. Charles Lee Byrd Logging Co.* the North Carolina Supreme Court stated that this presumption is satisfied where the employee's disfigurement makes him so repulsive to others as "to lessen his opportunities for remunerative employment and so reduce his future earning power." *Id.* In addition, the Supreme Court commented that the presumption may also be satisfied where there is a rational connection, nexus or relation between vocational factors, such as the natural physical handicap resulting from the disfigurement, age, training, experience, education, occupation and adaptability to obtain and retain employment, and the disfigurement as to reduce his future

earning power. 309 N.C. at 154, 156, 305 S.E.2d at 526-27 (citing *Branham v. Denny Roll and Panel Co.*, 223 N.C. 233, 239, 25 S.E.2d 865, 869 (1943)); *see Stanley v. Hyman-Michaels Co.*, 222 N.C. 257, 266, 22 S.E.2d 570, 576 (1942); *see also Locklear v. Canal Wood Corp.*, 63 N.C. App. 185, 188, 303 S.E.2d 825, 827 (1983) (employee undergoing training to be a physical education teacher was properly awarded for disfigurement where his profession would require that he wear shorts, and therefore, scars to knee would be routinely exposed).

The findings of fact of the Deputy Commissioner paint a picture of an injury that is repulsive, that requires plaintiff to occasionally massage his stinging, tight, scar tissue after being on his feet for an extended period of time, that limits his employment choices because jobs that require extensive walking bother his foot, and will limit his future earning opportunities in light of his young age, education and career opportunities available to him. This picture of the plaintiff's injury leads us to conclude that there is a rational connection between vocational factors, such as the natural physical handicap resulting from the disfigurement, age, training, experience, etc., and the disfigurement as to reduce plaintiff's future earning power. Accordingly, we affirm the decision of the Industrial Commission.

No error.

Chief Judge ARNOLD and Judge TIMMONS-GOODSON concur.