The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-employer is self-insured.
4. Plaintiffs compensation rate was $237.59 at all relevant times.
5. Plaintiff received temporary total disability at the rate of $237.59 per week from 3 February 1993 through 29 August 1993 and from 24 January 1994 through 18 September 1994. Plaintiff received temporary partial disability compensation from 30 August 1993 through 19 November 1993 in the total amount of $1,013.15.
6. The following records were stipulated into evidence:
a. Columbus County Hospital for 2 February 1993 admission (14 pp.)
b. Stephen Candela, M.D., an orthopaedic surgeon (11 pp.)
c. James A. Nunley, M.D., an orthopaedic surgeon (8 pp.)
d. L. Scott Levin, M.D., an orthopaedic surgeon (5 pp.)
e. Duke University Medical Center for 25 January 1994 admission (6 pp.)
f. Duke University Medical Center for 16 February 1994 admission (2 pp.)
g. Duke University Medical Center for 8 March 1994 admission (2 pp.)
h. Total Health Rehabilitation Services (13 pp.)
i. NC Industrial Commission rehabilitation department and Margaret G. Dunn, R.N. (35 pp.)
7. The issue for determination is the compensation to which plaintiff is entitled due to his permanent injuries under N.C. Gen. Stat. 97-31.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 53 years old with a high school degree. Plaintiff has worked for defendant-employer since January 1974 in Brunswick County. Prior to working for defendant-employer, plaintiff did construction work and worked as an electricians helper. Plaintiff has worked previously as a knitting machine fixer in a textile plant.
2. Prior to 2 February 1993, plaintiff worked in the maintenance department with defendant-employer as an equipment operator. He operated mowing and other equipment, drove trucks and served as a flagman.
3. On 2 February 1993, plaintiff was struck by a motor grader while working as a flagman. Plaintiff sustained multiple fractures of the right foot and a fracture of the left ankle. He had surgery to repair his injuries on 2 February and 12 February 1993 at the Columbus County Hospital by Dr. Stephen Candela, an orthopedic surgeon. Plaintiff remained under the care of Dr. Candela until December 1993.
4. Plaintiff presented to Dr. James Nunley beginning 30 December 1993. Dr. Nunley is a professor of orthopedic surgery at Duke University Medical Center. Dr. Nunley and Dr. Scott Levin treated plaintiff until 9 March 1995.
5. On 25 January 1994 plaintiff underwent fusion and plating surgery at Duke University Medical Center for nonunion of the metatarsals on the left foot complicated by subsequent skin breakdown. On 16 February 1994, plaintiffs physicians performed a debridement of the dorsum of the right foot and coverage with an anterior tibial flap and skin grafting. On 8 March 1994, plaintiff underwent debridement of the anterior compartment of the right leg following infection of the proximal leg muscle.
6. Plaintiffs surgeries at Duke University Medical Center were followed by physical therapy in June and July 1994 to restore function and strength in the right leg and foot ambulation.
7. Plaintiff was evaluated and discharged by Dr. Nunley on 9 March 1995. Dr. Nunley gave plaintiff an 80% disability of the right foot based on a loss of ankle motion, loss of subtalar motion, forefoot fusion, loss of muscle strength from the anterior compartment and loss of sensibility on top of the foot. Dr. Nunley also rated plaintiffs left foot with a 10% permanent partial disability based on loss of ankle motion. Dr. Nunleys rating to the right foot encompassed scarring to the foot below the ankle. Dr. Nunley did not consider the scarring on the leg above a point two inches above the real ankle joint, resulting from the skin graft, in his rating.
8. Plaintiff and defendant entered into Forms 21 and 26 agreements for payment of compensation. Pursuant to these agreements approved by the Industrial Commission, defendant paid plaintiff compensation for temporary total disability from 3 February 1993 through 29 August 1993, temporary partial disability from 30 August 1993 through 19 November 1993 and temporary total disability from 24 January 1994 through 18 September 1994.
9. Plaintiff returned to work for defendant-employer in September 1994 in the equipment department. Defendant-employer could not accommodate plaintiffs physical limitations in the maintenance department where he worked previously. Plaintiff is earning the same salary as before his injury. Dr. Nunley restricted plaintiff to sedentary work, which does not require much walking, and no climbing. Plaintiffs job now involves getting parts, keeping inventory, and picking up and carrying the mail.
10. Plaintiff continues to have some swelling and pain in addition to loss of motion in the right foot. His toes do not move on their own. In the right leg above his ankle, plaintiff has some itching in the scarred area, tightness in the leg muscles, and infrequent swelling in the muscle area. Plaintiff rubs the scarred area to relieve the itching on the right leg.
11. When it is not cold outside, plaintiff normally wears shorts to work. The scarred area of the right leg is visible when plaintiff wears shorts and frequently others will notice and comment on the scarring. The scarring is repulsive.
12. On the right side of the front of plaintiffs right leg, about three inches below the kneecap, is a scar which is generally round with approximately a four and one-half inch diameter. This area contains prominent raised areas and a prominent area of depression or indentation running near its center. The scarred area has a different texture and is without hair unlike the surrounding skin. There is also an area of scarring at and immediately above the right ankle on the right front side of the plaintiffs right leg. There are two elliptical scarred areas of approximately one to one and one-half inches in width at their widest points and two and one-half inches in length which are prominently depressed or indented and of a different texture than the surrounding skin. There is a depressed line running up the front of the leg between the two major areas of scarring. This line measures approximately one-half inch at its widest point. This area of scarring is noticeable when pointed out from a distance of approximately thirty feet in room lighting. Scarring sustained by plaintiff to his right leg is repulsive to other people.
13. Plaintiff reached maximum medical improvement on 9 March 1995. As a result of his injury, plaintiff retains an 80% permanent partial disability of the right foot and a 10% permanent partial disability of the left foot.
14. As a result of his compensable injury by accident, and surgery necessary for relief of the effects of the injury, plaintiff has serious and permanent bodily disfigurement to his right leg, beginning in the area two inches above the right ankle. The bodily disfigurement is so extensive that it could be reasonably presumed that plaintiffs future opportunity for remunerative employment will be less than his preinjury capacity; therefore, reducing his future earning capacity.
15. As a result of his injury by accident, plaintiff also sustained permanent injury to the skin on his right leg in an area beginning two inches above his ankle. The skin is an important organ of the body.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of plaintiffs injury by accident on 2 February 1993, plaintiff retains an 80% permanent partial disability of the right foot and a 10% permanent partial disability of the left foot for which he is entitled to compensation in the amount of $237.59 per week for 129.6 weeks beginning 9 March 1995. N.C. Gen. Stat.97-31(14).
2. As a result of plaintiffs injury by accident on 2 February 1993 plaintiff also has serious and permanent bodily disfigurement for which he is entitled to compensation in the amount of $8,000.00. N.C. Gen. Stat. 97-31(22). Blackwell v. Multi Foods Management,Inc., 126 N.C. App. 189, 484 S.E.2d 815 (1997).
3. The skin is an important organ of the body, and the skin on plaintiffs right leg has been permanently damaged. However, plaintiff is not entitled to compensation for damage to the skin on his right leg under N.C. Gen. Stat. 97-31(24) since an award for such damage would not exceed the award paid herein for bodily disfigurement.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff compensation for permanent partial disability at the rate of $237.59 per week beginning 9 March 1995, for 129.6 weeks for his 80% permanent partial disability of the right foot and 10% permanent partial disability of the left foot.
2. Defendant shall pay compensation to plaintiff in the amount of $8,000.00 for his bodily disfigurement, subject to the attorneys fee approved below.
3. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff in the future as a result of this injury by accident when bills for the same have been submitted to the defendant and approved by the North Carolina Industrial Commission.
4. A reasonable attorneys fee of twenty-five percent (25%) of the compensation due plaintiff under paragraph two of this Award is approved for plaintiffs counsel and shall be deducted from the sum due plaintiff and paid as follows: twenty-five percent (25%) of the lump sum due plaintiff under paragraph two of this Award shall be deducted from that sum and paid directly to plaintiffs counsel.
5. Defendant shall pay the costs.
This the ____ day of September 1999.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER
LKM/jth