***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Ohio Casualty Group is the carrier on risk.
4. Plaintiff's average weekly wage was $250.00 yielding a compensation rate of $166.68.
5. In November 2001, plaintiff was paid $2,500.00 after a review of her scars by the Chief Claims Examiner for the North Carolina Industrial Commission.
6. The issues before the undersigned are: (i) whether plaintiff has sustained a change of condition in regards to the scarring on her face and neck; and (ii) if so, what compensation, if any, is due plaintiff?
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy, plaintiff was thirty-three (33) years old and had an eleventh (11th) grade education. Prior to her present employment, plaintiff was employed in a nursing home as a certified nursing assistant, in a restaurant as a cashier and as a line worker in a furniture store.
2. From February 16, 1997 through the date of Deputy's hearing, plaintiff has been employed by defendant-employer. Initially, plaintiff operated a separator machine used in the sorting of textiles. Plaintiff was reassigned to the Napper machine, which is involved in the sorting and treatment of textiles.
3. On September 14, 1999, plaintiff was injured when cloth being pulled through the machine hit her face. The cloth had chemicals or dyes that reacted with plaintiff's skin resulting in skin discoloration.
4. Defendant-employer accepted the claim pursuant to a Form 60 indicating the average weekly wage was $250.00 yielding a compensation rate of $166.68.
5. Plaintiff was initially seen by Dr. Rasheem and treated for her injuries with skin creams and ointments designed to resolve the rash and prevent significant scarring.
6. Dr. Rasheem referred plaintiff to Dr. Subin, a dermatologist, who prescribed several blemish creams of various strengths. The treatment provided by Dr. Subin did improve plaintiff's circumstances. However, plaintiff did suffer discoloration of her skin of a permanent nature as result of her injury by accident.
7. Plaintiff has not received any medical treatment from Dr. Rasheem or Dr. Subin since early 2000.
8. Plaintiff and the defendants submitted photographs of the discolored areas in question to the North Carolina Industrial Commission for a determination of the amount of compensation which should be awarded for her scarring. The Chief Claims Examiner determined that $2,500.00 was sufficient to compensate plaintiff for this disfigurement.
9. Plaintiff accepted the payment of $2,500.00 and cashed the check for this payment.
10. All medical expenses relating to plaintiff's treatment have been paid by defendants and a Form 28B was filed on November 28, 2001.
11. Plaintiff's scarred areas were examined at the time of the hearing before the Deputy. The undersigned have reviewed the photographs that were submitted and were the basis of the $2,500.00 award.
12. There has not been a substantial change in plaintiff's physical appearance since the award of the $2,500.00.
13. At the time of the hearing before the Deputy, plaintiff's wages had increased to $9.82 from $8.20. There is no evidence that indicates plaintiff has in any way been affected in regards to her earning capacity as result of her disfigurement.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show by the greater weight of the evidence that her condition has substantially changed since the award of $2,500.00 in November 2001. Branham v. Denny Roll Panel Co., 223 N.C. 233,25 S.E.2d 865 (1983); Locklear v. Canal Wood Corp., 63 N.C. App. 185,303 S.E.2d 825 (1983); N.C.G.S. § 97-47.
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-47.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This the 26th day of September 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER